# EXHIBIT A

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ALFIYA YUSUPOVA
SORIANO,

      Plaintiff,

v.                                Case. No.:

ROCKY MOUNTAIN
HOLDINGS, L.L.C, and
MEDICREDIT, INC.,

      Defendants.

_____/

## PLAINTIFF'S COMPLAINT

**COMES NOW**, Plaintiff, **ALFIYA YUSUPOVA SORIANO** ("Ms. Yusupova

Soriano" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files

this Complaint against Defendants, **ROCKY MOUNTAIN HOLDINGS, L.L.C** ("Debt

Owner"), and **MEDICREDIT, INC.** ("Debt Collector") (collectively "Defendants"), and

in support thereof states as follows:

### *Introduction*

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendants' violations of the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), by knowingly misrepresenting the

amount and legal status of such alleged debt as legitimately owed by Ms. Yusupova

Soriano after Ms. Yusupova Soriano's notifications to Defendants that she owes no such

debt as her insurance covered all charges related to the subject account, which can reasonably be expected to harass Ms. Yusupova Soriano.

### *Jurisdiction and Venue*

2.    This is an action for damages in excess of $30,000.00, exclusive of attorney's fees, interests, and costs.

3.    Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.    Venue of this Court is proper under Fla. Stat.§ 559.77(1).

5.    Venue is also proper in Pasco County, Florida, where the tortious activity took place in Pasco County, Florida.

### *Parties*

6.    Plaintiff, Ms. Yusupova Soriano, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

7.    At all times material hereto, Debt Owner was and is a business with its principal place of business in the state of CO, and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

8.    At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of MO, and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

9.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

10.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Yusupova Soriano's alleged debt.

11.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Yusupova Soriano's alleged debt for Debt Owner.

12.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Yusupova Soriano's information.

14.     Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Yusupova Soriano's information into Debt Owner's sales or customer systems.

15.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or call script for Debt Collector to use when communicating with Ms. Yusupova Soriano.

17.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA violations when contacting Ms. Yusupova Soriano and Debt Owner failed to stop such violations by Debt Collector.

18.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Yusupova Soriano's debt on behalf of Debt Owner.

### *Statements of Fact*

19.     On or around December 14, 2019, Ms. Yusupova Soriano was airlifted to a hospital by Debt Owner's emergency air transportation, which charges for such transportation opened a unique account under her name and such account was assigned a reference number ending in 1878 ("Account").

20.     Debt Owner charged a total of $53,938.93 to the Account for its emergency air transportation services.

21.     Under information and belief, Ms. Yusupova Soriano's insurance company had a contract with Debt Owner at the time of the subject emergency air transportation services.

22.     Accordingly, Debt Owner was within Ms. Yusupova Soriano's insurance company network of medical service providers.

23.     Under information and belief, pursuant to the contract that Ms. Yusupova Soriano's insurance company had in place with Debt Owner, Debt Owner was only authorized to bill Ms. Soriano Yusupova amounts allowed under that contract.

24.     In or around January of 2020, Ms. Yusupova Soriano received an Explanation of Benefits from her insurance company that confirmed her insurance company allowed a total charge of $4,150.33 for Debt Owner's emergency air transportation services. *See* **Explanation of Benefits attached hereto as Exhibit "A."**

25.     Ms. Yusupova Soriano's insurance company then paid Debt Owner the allowed amount of $4,150.33 towards the balance owed under the Account. *See* **Explanation of Benefits attached hereto as Exhibit "A."**

26.     Ms. Yusupova Soriano's Explanation of Benefits confirmed that the "Member Cost Share" for which Ms. Yusupova Soriano was personally responsible to pay was $0.00. *See* **Explanation of Benefits attached hereto as Exhibit "A."**

27.     Despite Ms. Yusupova Soriano's insurance payment of the entire allowed amount of $4,150.33 and the Explanation of Benefits confirming that Ms. Yusupova owed $0.00 towards the Account, Debt Owner sent a collection letter to Ms. Yusupova Soriano that demanded she pay the remaining balance of $49,788.60 owed under the Account ("Debt").

28.     For example, on or around April 7, 2020, Debt Owner sent Ms. Yusupova Soriano a collection letter in attempts to collect the alleged Debt. *See* **Exhibit "B."**

29.     Debt Owner's April 7, 2020 collection letter was sent directly to Ms. Yusupova Soriano, represented an outstanding balance of $49,788.60, requested a response by April 17, 2020, and offered options to pay by phone, by online portal, and by mail. *See* **Exhibit "B."**

30.     In response to Debt Owner's April 7, 2020 collection letter, Ms. Yusupova Soriano spoke with Debt Owner and notified Debt Owner that she did not owe the Debt because her insurance company had already paid Debt Owner the allowed amount and her Explanation of Benefits showed that she owed $0.00 to Debt Owner.

31.     Debt Owner refused to accept Ms. Yusupova Soriano's notification that she did not owe the alleged Debt, and instead demanded full payment of such Debt.

32.     All of Debt Owner's collection letters to Ms. Yusupova Soriano were sent in attempts to collect the alleged Debt.

33.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Debt Collector for collection purposes.

34.     Debt Collector began placing calls to Ms. Yusupova Soriano's cellular telephone, 727-***-4504 ("Ms. Yusupova Soriano's Cellular Telephone"), in attempts to collect the alleged Debt.

35.     Debt Collector has called Ms. Yusupova Soriano's Cellular Telephone at least 5 times since January of 2020.

36.     Debt Collector has called Ms. Yusupova Soriano's Cellular Telephone from several different phone numbers.

37.     All of Debt Collector's calls to Ms. Yusupova Soriano's Cellular Telephone were placed in attempts to collect the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* *(as against Debt Collector)*

38.     Ms. Yusupova Soriano re-alleges paragraphs 1-37 and incorporates the same herein by reference.

39.    Ms. Yusupova Soriano is a "consumer" within the meaning of the FDCPA.

40.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

41.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

42.    Debt Collector violated the FDCPA. Debt Collector's violations include,
but are not limited to, the following:

    a.  Defendant violated 15 U.S.C. § 1692e(2)(A) by knowingly
      misrepresenting the amount and/or legal status of the alleged
      debt as legitimately owed by Ms. Yusupova Soriano when
      Ms. Yusupova Soriano legally owed $0.00 towards the
      Account.

43.    As a result of the above violations of the FDCPA, Ms. Yusupova Soriano
has been subjected to unwarranted and illegal collection activities and harassment for
which she has been damaged.

44.    Defendant's actions have damaged Ms. Yusupova Soriano by causing her
stress.

45.    Defendant's actions have damaged Ms. Yusupova Soriano by causing her
anxiety.

46.    Defendant's actions have damaged Ms. Yusupova Soriano by being an
annoyance.

47.    Defendant's actions have damaged Ms. Yusupova Soriano by causing her
aggravation.

48.    It has been necessary for Ms. Yusupova Soriano to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

49.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

> a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);
>
> b. Awarding actual damages;
>
> c. Awarding costs and attorneys' fees;
>
> d. Ordering an injunction preventing further wrongful contact by the Defendant; and
>
> e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

50.    Ms. Yusupova Soriano re-alleges paragraphs 1-37 and incorporates the same herein by reference.

51.    Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

> a. Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Ms. Yusupova Soriano.

52. As a result of the above violations of the FCCPA, Ms. Yusupova Soriano has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

53. Defendant's actions have damaged Ms. Yusupova Soriano by causing her stress.

54. Defendant's actions have damaged Ms. Yusupova Soriano by causing her anxiety.

55. Defendant's actions have damaged Ms. Yusupova Soriano by being an annoyance.

56. Defendant's actions have damaged Ms. Yusupova Soriano by causing her aggravation.

57. It has been necessary for Ms. Yusupova Soriano to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

58. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees;

   d. Ordering an injunction preventing further wrongful contact by the

    Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

59.    Ms. Yusupova Soriano re-alleges paragraphs 1-37 and incorporates the same herein by reference.

60.    Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

   a. Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Ms. Yusupova Soriano and that such Debt was legitimately collectable after Debt Owner had received payment from Ms. Yusupova Soriano's insurance company that satisfied the alleged Debt and after Ms. Yusupova Soriano notified Defendant that her Explanation of Benefits showed she owed $0.00 towards the Account.

61.    At all times material hereto, Debt Owner was and is vicariously and/or directly liable for the actions of Debt Collector.

62.    Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Ms. Yusupova Soriano.

63.     As a result of the above violations of the FCCPA, Ms. Yusupova Soriano
has been subjected to unwarranted and illegal collection activities and harassment for
which she has been damaged.

64.     Defendant's actions have damaged Ms. Yusupova Soriano by causing her
stress.

65.     Defendant's actions have damaged Ms. Yusupova Soriano by causing her
anxiety.

66.     Defendant's actions have damaged Ms. Yusupova Soriano by being an
annoyance.

67.     Defendant's actions have damaged Ms. Yusupova Soriano by causing her
aggravation.

68.     It has been necessary for Ms. Yusupova Soriano to retain the undersigned
counsel to prosecute the instant action, for which she is obligated to pay a reasonable
attorney's fee.

69.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment
against Debt Collector as follows:

        a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

        b.  Awarding actual damages;

        c.  Awarding costs and attorneys' fees;

        d.  Ordering an injunction preventing further wrongful contact by the
            Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, **ALFIYA YUSUPOVA SORIANO**, demands a trial by jury on all issues so

triable.

Respectfully submitted this **April 12, 2021**,

> */s/ Kaelyn Diamond*
> Kaelyn Diamond, Esq.
> Florida Bar No. 125132
> kaelyn@attorneydebtfighters.com
> service@attorneydebtfighters.com
> Ziegler Diamond Law: Debt Fighters
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p) (727) 538-4188
> (f) (727) 362-4778
> *Counsel for Plaintiff*

# EXHIBIT A

**Date:** 01/12/2020
**Member ID:**
**Member Name:** ALFIYA YUSUPOVA SORIA
**Patient Name:** ALFIYA YUSUPOVA SORIA

# This is Not a Bill
# MEMBER EXPLANATION OF BENEFITS

**Provider of Service:**  **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Member Cost Share Deductible | Co-pay | Co-ins | R |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0100 | 12/04/2019-12/04/2019 | 37.00 | 12.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0200 | 12/04/2019-12/04/2019 | 27.00 | 12.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0300 | 12/04/2019-12/04/2019 | 20.00 | 12.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0400 | 12/04/2019-12/04/2019 | 18.00 | 12.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0500 | 12/04/2019-12/04/2019 | 18.00 | 12.00 | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0600 | 12/04/2019-12/04/2019 | 18.00 | 12.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0700 | 12/04/2019-12/04/2019 | 18.00 | 12.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| Totals | | 156.00 | 84.00 | 18.00 | 72.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

**Provider of Service: ROCKY MOUNTAIN HOLDINGS LLC**  **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Member Cost Share Deductible | Co-pay | Co-ins | Rem Co |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0100 | 12/14/2019-12/14/2019 | 37,967.38 | 3,353.38 | 0.00 | 3,353.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| 0200 | 12/14/2019-12/14/2019 | 15,971.55 | 796.95 | 0.00 | 796.95 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NETWORK | | | |
| Totals | | 53,938.93 | 4,150.33 | 0.00 | 4,150.33 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

**Provider of Service:**  **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Member Cost Share Deductible | Co-pay | Co-ins | Rem Co |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0100 | 12/15/2019-12/15/2019 | 297.00 | 74.20 | 0.00 | 74.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NON-NETWORK | | | |
| Totals | | 297.00 | 74.20 | 0.00 | 74.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

**Provider of Service:**  **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Member Cost Share Deductible | Co-pay | Co-ins | Rem Cod |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0100 | 12/15/2019-12/15/2019 | 470.00 | 94.00 | 0.00 | 94.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | | Provider Status:NON-NETWORK | | | |

| Member ID: | |
|---|---|
| Member Name: | ALFIYA YUSUPOVA SORIA |
| Patient Name: | ALFIYA YUSUPOVA SORIA |

## This is Not a Bill
## MEMBER EXPLANATION OF BENEFITS

**Provider of Service:**      **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Deductible | Co-pay | Co-ins | Remark Codes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0101 | 12/15/2019-12/15/2019 | -549.00 | -105.05 | 0.00 | -105.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | Provider Status:NETWORK | | | | |
| 0102 | 12/15/2019-12/15/2019 | 549.00 | 113.19 | 0.00 | 113.22 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | Provider Status:NETWORK | | | | |
| Totals | | 0.00 | 8.14 | 0.00 | 8.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

**Provider of Service: ROCKY MOUNTAIN HOLDINGS LLC**    **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Deductible | Co-pay | Co-ins | Remark Codes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0101 | 12/14/2019-12/14/2019 | -37,967.38 | -3,353.38 | 0.00 | -3,353.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | JU T2 |
| Service Details: | | | | | | | Provider Status:NETWORK | | | | |
| 0102 | 12/14/2019-12/14/2019 | 37,967.38 | 3,353.38 | 0.00 | 3,353.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 91 T2 |
| Service Details: | | | | | | | Provider Status:NETWORK | | | | |
| 0201 | 12/14/2019-12/14/2019 | -15,971.55 | -796.95 | 0.00 | -796.95 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | JU T2 |
| Service Details: | | | | | | | Provider Status:NETWORK | | | | |
| 0202 | 12/14/2019-12/14/2019 | 15,971.55 | 796.95 | 0.00 | 796.95 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | T2 BY |
| Service Details: | | | | | | | Provider Status:NETWORK | | | | |
| Totals | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

**Provider of Service:**    **Claim Number:**

| Line | Dates of Service | Amount Billed | Amount Allowed | Amount Excluded | Paid by Plan | Paid by Medicare | Paid by Other | Deductible | Co-pay | Co-ins | Remark Codes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0100 | 12/28/2019-12/28/2019 | 217.00 | 41.32 | 0.00 | 41.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Service Details: | | | | | | | Provider Status:NON-NETWORK | | | | |
| Totals | | 217.00 | 41.32 | 0.00 | 41.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

**Remark Code Descriptions**

| BY | REQUEST COMPLETE NO ACTION NECESSARY |
|---|---|
| JU | ADJUSTMENT MADE TO PREVIOUSLY SUBMITTED CLAIM |
| 91 | REIMBURSEMENT OF FEE SCHEDULE AND/OR CONTRACTED RATES |
| T2 | PAID - CLAIM PROCESSED PER MEMBER BENEFIT GUIDELINES |

# EXHIBIT B

 **Air Methods**

Air Medical Transport Services provided by Air Methods Corporation

Do not send correspondence to this address.
EXLNET03
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

**DEFENDERS OF TOMORROW™**

 

Reference Number: 1878
Date of Service: 12/14/2019

April 7, 2020

(800) 964-9544
CSAdmin@airmethods.com
Hours: M-F 6:00am-4:30pm PT
www.airmethods.com

INVFIN        518012409
Alfiya Yusupova Soriano
Yusupova Soriano, Alfiya

**PAYMENT OPTIONS**

☎  Pay by phone: (800) 964-9544

✉  Pay by mail: to the address below

🖐  Pay online: patientportal.airmethods.com

# FINAL NOTICE



Base Charges $37,967.38 + Mileage Charges $15,971.55 = Billed Amount $53,938.93 — Insurance Paid $4,150.33 = Outstanding Balance $49,788.60

Dear Alfiya Yusupova Soriano:

We need your assistance in resolving your account. Please allow us a final opportunity to review the many options we have available to assist you based on your specific financial need. It is urgent that you contact one of our Patient Financial Counselors at (800) 964-9544 prior to this due date to avoid your account being sent to a collection agency.

Like you, we are finding it difficult to process all the news around COVID-19. As the situation continues to evolve, we want to assure you that we are here for you. If you are financially impacted by COVID-19 and need help, please reach out to us. Call us at the number above and one of our dedicated Patient Advocates will be able to assist you. Your health and financial well-being are first and foremost of importance to us. Stay safe and take good care of yourself and your loved ones.

Respond by
April 17, 2020

Sincerely,
Your Advocate
8320LINET03WVFIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

***Please return this portion with your payment***

| PATIENT NAME | | | AMOUNT DUE |
|---|---|---|---|
| Alfiya Yusupova Soriano | | | $49,788.60 |
| REFERENCE NUMBER | DATE OF SERVICE | STATEMENT DATE | AMOUNT ENCLOSED |
| 1878 | 12/14/2019 | 04/07/2020 | $ |

▼ PLEASE MAKE CHECKS PAYABLE TO ▼

Rocky Mountain Holdings LLC
PO Box 713375
Cincinnati, OH 45271-3375

| Card number | CVV Code | VISA ☐ |
|---|---|---|
| Cardholder Name | EXP. Date | ☐ |
| Cardholder Signature | Amount $ | ☐ |

All communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PO Box 2532, Fontana CA 92334-2532.